UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JULIE E. HUNTER,

    Plaintiff,

v.                                                       Case No. 1:22-cv-226-MCR-MJF

VETERANS ADMINISTRATION and
UNITED STATES OF AMERICA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with four court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

**A.  The Undersigned's Scheduling Order**

On January 9, 2023, the undersigned ordered that:

- on or before February 8, 2023, Plaintiff and counsel for Defendant meet for a Rule 26(f) conference; and

- on or before February 22, 2023, Plaintiff submit a joint report regarding their Rule 26(f) conference.

Doc. 11 at 2–3. Plaintiff did neither. Doc. 13 at 1–2.

B.   **The Undersigned's First Order to Show Cause**

On February 27, 2023, the undersigned ordered Plaintiff to show cause for her failure to comply with the undersigned's order of January 9, 2023. Doc. 14. The undersigned provided Plaintiff until March 6, 2023, to comply and warned Plaintiff that the failure to comply timely would result in dismissal of this action. *Id.* Plaintiff did not comply with that order.

C.   **The Undersigned's Second Order to Show Cause**

On March 8, 2023, the undersigned ordered Plaintiff to show cause for her failure to comply with the January 9 and February 27 orders. Doc. 15. The undersigned provided Plaintiff until March 29, 2023, to comply and again warned Plaintiff that a failure to comply likely would result in dismissal of this action and that such a dismissal could effectively be a dismissal with prejudice. *Id.* at 1–2.

Plaintiff did not comply with that order. On March 30, 2023, however, Defendant submitted a notice to the court, which contained a letter from Plaintiff to defense counsel indicating that she had complied with all court orders. Doc. 16; Doc. 16-1 at 2.

D.   **The Undersigned's Order Extending Plaintiff's Time to Respond**

In light of Defendant's notice to the court, Plaintiff's status as a *pro se* litigant, and the potential for the application of the statute of limitations to bar any subsequent lawsuit, the undersigned extended Plaintiff's deadline to comply with the March 8

order. Doc. 17. The undersigned provided Plaintiff until April 14, 2023, to comply. *Id.* at 2. The undersigned warned Plaintiff that the failure to comply likely would result in dismissal and that the dismissal could operate as a dismissal with prejudice because the statute of limitations could bar refiling her claim. *Id.*

E.     **The Undersigned's Third Order to Show Cause**

On April 17, 2023, the clerk of the court received a 246-page document from Plaintiff. This document did not begin with a case style, did not include a heading, and did not include a signature block. Doc. 18 at 1. This document appeared to be a printout of every document filed in this case. The undersigned directed the clerk of the court to return the document because it was deficient and failed to comply with the Local Rules. *Id.* at 2.

The undersigned also provided Plaintiff another opportunity to explain her failure to comply with the undersigned's January 9, February 27, and March 8, 2023 orders. *Id.* Specifically, the undersigned provided Plaintiff until May 1, 2023, to "**explain why she ha[d] not responded to this court timely**." *Id.* (emphasis in original). The undersigned again warned Plaintiff that her failure to timely respond likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has failed to comply with that order.

Page 3 of 6

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Furthermore, as the Eleventh Circuit has noted "deadlines are not meant to be aspirational." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004). "Deadlines, in the law business, serve a useful purpose and reasonable adherence to them" is important. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Although *pro se* litigants' pleadings must be construed liberally, the Supreme Court and Eleventh Circuit have never "suggested that *procedural rules* in ordinary civil litigation should be interpreted so as to excuse the mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (emphasis added); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). *Pro se* litigants are "subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Although the undersigned has provided Plaintiff several opportunities to respond, Plaintiff has failed to respond and has not demonstrated good cause for her failures. *See* Docs. 14, 15, 17, 18. Accordingly, dismissal of this civil action without prejudice is appropriate.[1]

### III.  CONCLUSION

Because Plaintiff failed to comply with four court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this action without prejudice for failure to comply with court orders and failure to prosecute.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>8th</u> day of May, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding**

---

[1] Although any dismissal may operate as a dismissal with prejudice, the undersigned finds that Plaintiff's non-compliance has been willful, and no lesser sanction would suffice. The undersigned twice warned Plaintiff that her failure to comply with the court orders likely would result in a dismissal of her claim with prejudice. Docs. 15, 17. Further, Plaintiff has continually failed to comply with court orders and offered no excuse for her failures. Plaintiff has simply failed to respond court orders since January 9, 2023.

**dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. R. 3-1; 28 U.S.C. § 636.**